**WOLFE, Plaintiff-Appellee, v. WOLFE, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3257.   Decided April 8, 1949.

Leo Waldman, Youngstown, for plaintiff-appellee.
William E. Lewis, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, PJ.

Defendant appeals to us on questions of law from a judgment rendered by the judge of the court of common pleas, division of domestic relations, of Mahoning County, in favor of plaintiff in her action filed therein against defendant for divorce and alimony.

Though duly served with summons and a certified copy of plaintiff's petition and notice of the time and place of trial of plaintiff's action, defendant filed no answer therein because "I thought my wife would change her mind and she would not go through with it", and failed to appear in person or to be represented by counsel to defend such action tried on August 11, 1948, in his absence.

The trial judge granted plaintiff a divorce from defendant on the grounds of extreme cruelty and:—

"* * * ordered that the defendant pay to plaintiff at the office of the Youngstown Humane Society, as and for alimony, the amount of Sixty ($60.00) Dollars per month, payable in semi-monthly installments of Thirty ($30.00) Dollars each, on the 1st day and 15th day of each month, commencing August 15th, 1948, and to continue until further order of the court.

"* * * ordered that the defendant be and he hereby is barred of all right, title, interest and dower in and to any real estate owned by the plaintiff.

"* * * ordered that all of the household goods, furniture and other personal property in the home located at 519 Clearmount Drive, Youngstown, Ohio, be and the same hereby is hereby awarded to and given to plaintiff and the defendant is barred of any interest therein.

"* * * ordered that defendant pay to plaintiff, to apply on her expenses for attorney fees in this cause, the sum of Two Hundred ($200.00) Dollars; and that defendant pay the court costs in this cause."

Defendant contended by assignments of error that "the trial court committed a prejudicial abuse of discretion in proceeding to hear said divorce case without the presence of the defendant, Daniel Wolfe, in person or by legal counsel"; that "after being informed by the trial court the day before the trial that he should secure legal counsel, the defendant, Daniel Wolfe, should have been given a reasonable time in which to retain a lawyer to represent his interests"; that "the defendant, Daniel Wolfe, was deprived of his day in court and his constitutional and statutory rights were violated when the court proceeded to deprive him of all right, title and interest in and to said real estate"; and that "the trial court committed error prejudicial to the rights of the defendant, Daniel Wolfe, when it refused to grant the defendant, Daniel Wolfe, a new trial in the furtherance of justice".

On "hearing on motion for a new trial" defendant testified "about a month before the hearing" the trial judge told him he had a right to "and should hire a lawyer", whose advice and suggestion he did not heed; that he talked with the trial judge on August 10, 1948, the day before trial, at

which time he was under the influence of intoxicating liquor, and "the judge told me or advised me to go and get an attorney and I misunderstood him, or something must have happened, because I went and got an attorney, and, as I understood, that he was going to postpone the case, see, until I got an attorney".

The bill of exceptions discloses that the trial judge dictated into the record "the record may show that this man came in to see me the day before the trial and that I instructed him, at that time, that he should go get himself counsel, and that I gave him no suggestion that the case would be continued at all. I gave him no suggestion as to that".

Without reciting it further, in our opinion there was sufficient evidence submitted to the trial judge of defendant's drunkenness and his general cruel conduct toward plaintiff warranting him granting plaintiff a divorce from defendant on the ground of extreme cruelty.

We are bound by the record made in the trial court submitted to us by defendant in his appeal from the judgment entered against him by the judge of that court, and on hearing of his "motion for a new trial", which record discloses that on the 11th day of August, 1948, defendant, and he so testified on hearing on motion for a new trial, owned no "personal property, money in bank, no property then of any kind", and that the record title to the real estate "awarded to" plaintiff, the value of which is undisclosed but upon which the record shows a mortgage of $2,000.00, was in plaintiff's name.

There is no evidence submitted to us as to defendant's age (but he volunteered upon hearing of his appeal that he was 53 years old), state of health, earning capacity, nor ability to work nor earn money in the future, upon which we can base any judgment as to whether the judgment of the trial judge is or is not sustained by sufficient evidence on the question of alimony. Accordingly we must assume the trial judge reached a correct conclusion with respect to this assigned ground of error.

With the record in the state indicated by what we have said in the factual statement of this opinion we cannot reach the conclusion at which counsel for defendant asks us to arrive that the trial judge "abused his discretion in proceeding to hear and determine said cause and to award this plaintiff alimony from the real and personal property of this defendant, without said defendant having an opportunity to submit his evidence in defense", nor deprived defendant of

his "constitutional right of his day in court"; nor erroneously passed upon the property rights between this plaintiff and this defendant without giving said defendant an opportunity to present any evidence on his behalf", as the evidence clearly indicates defendant had no property of his own, and while he testified he helped pay for the real estate, title to which resided in plaintiff, yet title was in her name, disposition of which in our opinion could have been made upon the evidence submitted as well in the absence as in the presence of defendant.

It is apparent we conclude that the judgment of the trial court is not contrary to law.

The judgment of the court of common pleas is affirmed.

NICHOLS, J, BUCKLEY, J, concur in judgment.